

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FJN
F. #2018R01809

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 19, 2019

<u>By FedEx and ECF</u>

Michael H. Gold, Esq.
Kudman Trachten Aloe LLP
350 Fifth Avenue, 68th Floor
New York, New York 10018

      Re:   <u>United States v. Mustafa Goklu</u>
             <u>Criminal Docket No. 19-386 (PKC)</u>

Dear Mr. Gold:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.

I.    <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendants</u>

      Enclosed please find copies of the following items reflecting statements made by the defendants or pedigree information provided by the defendants:

- Redacted DEA 6 report of interviews of Mustafa Goklu, Bates-numbered MG000001-03;
- Recordings of the defendant, Bates-numbered MG000004-12;
- Text messages of the defendant, Bates-numbered MG000013-50;

    B.    <u>The Defendant's Criminal History</u>

      At this time, the government is not currently aware of any criminal history, youthful offender, or juvenile offender adjudications of the defendant.

    C.    <u>Documents and Tangible Objects</u>

      Enclosed please find:

- Cyrpto-currency transaction records, Bates-numbered MG000051-79;
- Miscellaneous photographs, Bates-numbered MG000080-89;
- Search warrant affidavit for tracking device, Bates-numbered MG000090-106;
- Search warrant affidavit for defendant's home and vehicle, Bates-numbered MG000107-140.

You may examine the physical evidence discoverable under Rule 16, and original documents, by calling me to arrange a mutually convenient time.

D.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

E.   Brady Material

The government is not aware of any exculpatory material regarding the defendants. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

F.   Other Crimes, Wrongs or Acts

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.   The Defendants' Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendants allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendants intend to call at trial.

2

The government also requests that the defendants disclose prior statements of witnesses who will be called by the defendants to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendants disclose a written summary of testimony that the defendants intend to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendants' intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendants intend to rely in establishing the defense identified in any such notice.

IV.   Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

Francisco J. Navarro
Assistant United States Attorney
(718) 254-6007

Enclosures

cc:   Clerk of the Court (PKC) (by ECF) (without enclosures)