FJN:GK/MED
F. #2018R01809

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

       - against -                          Docket. No. 19-CR-386 (PKC)

MUSTAFA GOKLU,
    also known as "Mustangy"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## THE GOVERNMENT'S STATEMENT OF THE CASE, VOIR DIRE REQUESTS AND LIST OF NAMES AND PLACES

                                            BREON PEACE
                                            UNITED STATES ATTORNEY
                                            Eastern District of New York
                                            271 Cadman Plaza East
                                            Brooklyn, New York 11201

Gillian A. Kassner
Marietou E. Diouf
Assistant U.S. Attorneys
    (Of Counsel)

## STATEMENT OF THE CASE

The defendant, Mustafa Goklu, has been charged in a two-count superseding indictment. The first count charges Mustafa Goklu with committing money laundering in connection with his participation in financial transactions involving property a law enforcement officer represented to be proceeds of narcotics trafficking. The second count charges Mustafa Goklu with operating an unlicensed money transmitting business. Mustafa Goklu has pleaded not guilty to both counts.

## PROPOSED VOIR DIRE REQUESTS

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the government submits this letter to respectfully request that the Court, in addition to the Court's usual voir dire, ask the following specific questions during jury selection for this case:

1. Will you agree to abide by the Court's COVID-19 protocols—including possibly being asked to socially distance and properly wear a mask—at all times in the courthouse during this trial?[1]

2. The right to a jury trial is critically important to both the accused and the government. Would you place blame on either the government or the defendant for sitting on a jury during the COVID-19 pandemic?

---

[1] The government respectfully requests that, at some point before asking this question, the Court explain to the jury the logistics of the trial including its approximate length, the number of people that will be in the courtroom during the trial, and the rules required by all individuals who enter the courthouse.

3. It is important that jurors take their obligations seriously and do not rush to a verdict for one side or the other. Would you feel pressure to return a verdict quickly and not fully deliberate due to the COVID-19 pandemic?

4. Does any juror have any bias, prejudice, or other feelings for or against the United States Department of Justice, the United States Attorney's Office, the Drug Enforcement Administration, the New York City Police Department, or any other law enforcement agency?

5. Have you, a family member, or anyone close to you ever been charged with a crime or been the subject of a criminal investigation? If so:

   a. What was the nature of the investigation?

   b. What was the outcome?

   c. Do you think you, your family member, or close friend were treated fairly by the criminal justice system?

      i. If you answered "no" to Question 5c, why do you feel that you, your family member, or close friend were not treated fairly?

6. Have you, a family member, or anyone close to you, either as an individual or in the course of business, ever been a party to a legal action or dispute with the United States, with any agencies or employees of the United States, or had any interest in any such legal action or dispute or its outcome? If so:

   a. What was the nature of the dispute?

   b. What was the outcome?

   c. Would those experiences impact your ability to be a fair and impartial juror in this case?

3

7. Have you, a family member, or anyone close to you ever been the victim of a crime and, if so, were you satisfied with any law enforcement response?

8. Have you, a family member, or anyone close to you ever been a witness in a grand jury investigation or been questioned in any matter by law enforcement agents?

9. Have you, a family member, or anyone close to you ever been a witness or a complainant in a prosecution, whether federal, state, or local?

10. Some of the government's witnesses in this case will be law enforcement agents.

   a. Are you, a family member, or anyone close to you employed in law enforcement?

   b. Have you, a family member, or anyone close to you had negative experiences with law enforcement agents? Describe those experiences. If so, would those experiences impact your ability to be a fair and impartial juror in this case?

   c. Would you have any difficulty in finding the defendant guilty if the government proved its case beyond a reasonable doubt based solely on the testimony of law enforcement agents?

   d. Do you feel predisposed for any reason to either believe or disbelieve a law enforcement agent's testimony?

11. This case involves a law enforcement agent who worked in an undercover capacity. Do you have any strong feelings concerning the use of "sting" operations or undercover agents, or believe that law enforcement should not be permitted to use undercover agents?

12. In this case, the defendant is charged with money laundering in connection with property a law enforcement officer represented to be proceeds of narcotics trafficking.

a. Do you have any strong feelings concerning the distribution or sale of illegal drugs in general?

b. Do you have any strong feelings concerning the distribution or sale of marijuana, Adderall, or oxycodone (also known as "oxy") in particular?

c. Do you believe that it should be legal for people to sell drugs such as marijuana, Adderall, or oxycodone in the United States without a license?

d. Have you, a family member, or anyone close to you been arrested for or convicted of a drug crime?

e. Have you, a family member, or anyone close to you ever overdosed on drugs?

f. Have you or anyone close to you been affected in any way by drugs?

g. Do you have any prior or specialized knowledge of the dark web or dark net?

h. Have you ever made purchases on the dark web?

i. Do you have any strong feelings concerning money laundering in general?

j. Have you, a family member, or anyone close to you been arrested for or convicted of a financial crime?

k. Do you believe that individuals who engage in financial transactions have a right to disregard where the money is coming from?

5

13. The defendant is also charged with operating an unlicensed money transmitting business.

    a. Do you believe that businesses that transfer money—including cash and/or cryptocurrency—should not need a license?

14. Do you have any prior or specialized knowledge of digital currency (also known as cryptocurrency)?

    a. Are you familiar with Bitcoin or other cryptocurrencies? Have you conducted transactions using Bitcoin or other cryptocurrencies?

    b. Do you own, or have you ever owned or purchased, a cryptocurrency?

    c. Do you have experience with blockchain technology?

    d. Do you believe that transactions involving Bitcoin or other cryptocurrencies should not be regulated by the government?

15. Is there anything about this case that causes you to favor one side over the other?

16. Do you have any knowledge about the parties or the case that might influence you in deciding the case?

17. Would you be able to set aside any sympathies or biases you may have for any of the parties, in reaching a verdict?

18. Do you feel that, even if the evidence established the defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

19. Will you be able to follow and apply the law as instructed by the Court, even if you disagree with it?

20. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial here is guilty?

21. This case likely will involve listening to audio recordings, looking at television monitors, and reviewing typewritten and other exhibits in the English language. Do you have any medical or other problems, like eyesight, hearing, or language difficulties, that would make it difficult for you to serve as a juror in this case?

LIST OF NAMES AND PLACES

The government respectfully requests that the Court inquire about prospective jurors' familiarity with the persons and places on the following list of names and places in connection with this case:

A. <u>Defendant and Defense Counsel</u>

1. Mustafa Goklu, also known as "Michael Goklu" and "Mustangy" (Defendant)
2. Murray Singer, Esq. (Defense Attorney)
3. Emilee Sahli, Esq. (Defense Attorney)

B. <u>Seated at the Government's Table</u>

1. Gillian Kassner (Assistant U.S. Attorney)
2. Marietou Diouf (Assistant U.S. Attorney)
3. Francisco J. Navarro (Assistant U.S. Attorney)

    4.       Bridget Donovan (Paralegal Specialist)

    5.       Special Agent Julian Hur (Drug Enforcement Administration ("DEA"))

C. <u>List of Other Names</u>

    1.       Patrick O'Kain (former DEA)

    2.       Allan Liefke (former DEA)

    3.       Special Agent Koffidige Degbe (DEA)

    4.       Special Agent Lilita Infante (DEA)

    5.       Theodore Vlahakis (Compliance Officer, FinCEN)

    6.       Robert Tarwacki (New York Department of Financial Services)

    7.       Forensic IT Specialist Anthony Mosher (DEA)

D. <u>Places and Entities</u>

    1.       46-09 Queens Boulevard, Sunnyside, New York

    2.       44-16 Queens Boulevard, Sunnyside, New York

    3.       7th Avenue and 54th Street, New York, New York

    4.       5th Avenue and 33rd Street, New York, New York

    5.      5030 39th Place, Floor 2, Long Island City, New York

    6.      Mustangy Corp. USA

Dated: Brooklyn, New York
September 12, 2022

                                              Respectfully submitted,

                                              BREON PEACE
                                              United States Attorney

                            By:    /s/ Gillian A. Kassner
                                              Gillian A. Kassner
                                              Marietou E. Diouf
                                              Assistant U.S. Attorneys
                                              (718) 254-7000

cc:     Clerk of the Court (PKC) (by ECF)
        Murray Singer, Esq. (by ECF)
        Emilee Sahli, Esq. (by ECF)