FJN:GK/MED
F. #2018R01809

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

   UNITED STATES OF AMERICA

           - against -                     Docket. No. 19-CR-386 (PKC)

   MUSTAFA GOKLU,
     also known as "Mustangy"

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

THE GOVERNMENT'S REQUESTS TO CHARGE

BREON PEACE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Gillian A. Kassner
Marietou E. Diouf
Assistant U.S. Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government requests that the Court include the following instructions in its charge to the jury.  In addition, the government requests leave to offer additional instructions as they may become necessary during the trial.

The submitted requests address the essential elements of the crimes charged in the superseding indictment and certain matters of evidence which the government believes may require instruction to the jury.  The government respectfully requests that copies of the superseding indictment and the jury instructions be provided to the jurors during their deliberations.

REQUEST NO. 1

General Requests

The government requests that the Court charge the jury in its usual manner on the following subjects:

a.       Function of the Court and the Jury;

b.       Jury Communications with Lawyers and the Court;

c.       Equality of the Parties before the Court;

d.       Presumption of Innocence;

e.       Burden of Proof and Reasonable Doubt;

f.       Circumstantial Evidence and Direct Evidence;

g.       Function of Indictment and What Is Not Evidence;

h.       Dates Approximate and Use of Conjunctive in the Indictment;

i.       Permissible Inferences from Evidence;

j.       Objections;

k.       Stipulations (if applicable);

l.       Credibility of Witnesses and Discrepancies in Testimony;

m.       Uncalled Witnesses Equally Available to Both Sides (if applicable);

n.       Defendant's Right Not to Testify (if applicable);

o.       Testimony of Law Enforcement Witnesses;

p.       Transcripts not Evidence;

q.       Questioning Wisdom of Law or Basing Verdict on Sympathy or Prejudice Prohibited;

r.       Punishment of the Defendant;

s.       Duty to Consult; Need for Unanimity; Deliberations; and

t.      Jury's Right to See Exhibits and Have Testimony Read During
        Deliberations.

REQUEST NO. 2

The Superseding Indictment

The defendant is formally charged in a superseding indictment.  As I instructed you at the outset of this case, the Superseding Indictment is not evidence—it is a charge or accusation. The Superseding Indictment in this case contains two separate counts against the defendant.  You must, as a matter of law, consider each count of the Superseding Indictment separately, and you must return a separate verdict for each count.

Count One of the Superseding Indictment charges the defendant MUSTAFA GOKLU with money laundering.  Specifically, it reads as follows:

> On or about and between August 28, 2018 and April 30, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MUSTAFA GOKLU, also known as "Mustangy," together with others, did knowingly and intentionally conduct and attempt to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions involved property represented by a law enforcement officer and by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, and to be property used to conduct and facilitate such specified unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of such specified unlawful activity.

Count Two of the Superseding Indictment charges the defendant MUSTAFA GOKLU with operation of an unlicensed money transmitting business.  Specifically, it reads as follows:

On or about and between August 28, 2018 and April 30, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MUSTAFA GOKLU, also known as "Mustangy," together with others, did knowingly conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit: a digital currency exchange business, which (a) operated without an appropriate money transmitting license in the State of New York, where such operation is punishable as a misdemeanor and a felony under New York State law; and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder.

Authority:  Adapted from the charge of the Hon. Eric N. Vitaliano, United States v. Amanor, No. 15-CR-79; Modern Federal Jury Instructions ("Sand"), Instruction 3-8.

REQUEST NO. 3

Knowledge and Intent

During these instructions, you have heard and will hear me use the words "knowingly" and "intentionally."  As a general rule, the law holds persons accountable only for conduct in which they intentionally engage.  Thus, before you can find the defendant guilty, you must be satisfied that the defendant was acting knowingly and intentionally.  Therefore, I will define those terms for you up front.

"Knowingly" means intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.  Whether the defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.  In this regard, I instruct you that you may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done.  In other words, you may infer and find that the defendant intended all of the consequences that a person standing in like circumstances and possessing like knowledge should have expected to result from the acts he knowingly committed.

A person acts "intentionally" when he or she acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious objective decision rather than the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about a person's state of mind, something that can rarely be proven directly.  However, a wise and careful consideration of all the circumstances of the case may permit you to make such a determination as to the defendant's state of mind.  Indeed, in your everyday affairs, you are frequently called upon

to determine a person's state of mind from his or her words and actions in a given circumstance.

You are asked to do the same here.

> Authority:  Adapted from the charge of the Hon. Sterling Johnson, <u>United States v. Djibo</u>, No. 15-CR-88 (SJ) (E.D.N.Y.); Sand, Instruction No. 3A.

REQUEST NO. 4

Count One: Money Laundering

Count One charges the defendant with the crime of money laundering by conducting financial transactions involving property represented to be the proceeds of specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(3).

To prove the crime of money laundering, the government must establish beyond a reasonable doubt each of the following three elements:

First, that the defendant conducted or attempted to conduct a financial transaction that affected interstate or foreign commerce in any way or degree;

Second, that the transaction involved property represented by a law enforcement officer, and believed by the defendant, to be the proceeds of some form of unlawful activity; and

Third, that the defendant acted with the intent to conceal or disguise the nature, location, source, ownership, or control of the property.

The "specified unlawful activity" charged in the Superseding Indictment is narcotics trafficking. I instruct you that the manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical under the Controlled Substance Act is a "specified unlawful activity" for purposes of the crime charged in the Superseding Indictment. And I instructed you earlier, marijuana, Adderall, and oxycodone are controlled substances under the Controlled Substances Act.

I will now explain each element in greater detail.

First Element: Financial Transaction

The first element the government must prove beyond a reasonable doubt is that the defendant conducted or attempted to conduct a financial transaction that affected interstate or foreign commerce in any way or degree.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving one or more monetary instruments, or the movement of funds by wire or other means, that in any way or degree affects interstate or foreign commerce.  The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods or services.  The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

Second Element: Property Represented as Proceeds of Illegal Activity

The second element that the government must prove beyond a reasonable doubt is that the transaction the defendant conducted or attempted to conduct involved property represented by a law enforcement officer, and believed by the defendant, to be the proceeds of some form of unlawful activity.

For the purposes of this section, a law enforcement officer includes Drug Enforcement Administration officers, including undercover officers, authorized to investigate or prosecute money laundering. I instruct you that for purposes of this case the individual known as "Patrick O'Kain," who testified during this trial, was a law enforcement officer during the time period charged in the indictment.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. Proceeds can be any kind of property, not just money.

In order to sustain its burden of proof on this element, the government is not required to prove that the law enforcement officer made an express affirmative statement to the defendant that the property involved was the proceeds of unlawful activity. Instead, the government must prove that the law enforcement officer made the defendant aware of circumstances from which a reasonable person would infer that the property was the proceeds of illegal activity, and that the defendant believed that the property was the proceeds of illegal activity. You should consider all of the evidence in determining whether the government has satisfied this standard.

The government is not required to prove that the property actually was the proceeds of some form of unlawful activity. In this case, the Superseding Indictment charges that the defendant conducted or attempted to conduct financial transactions involving property that was represented to him by a law enforcement officer to be the proceeds of narcotics trafficking, meaning the distribution of a controlled substance or listed chemical under the Controlled Substance Act. I further instruct you that marijuana, oxycodone, and Adderall are controlled substances under the Controlled Substances Act.

The government is not required to prove that any narcotics trafficking actually took place, or that the property in the charged transactions actually constituted proceeds of narcotics trafficking.  To sustain its burden of proof on this element, the government is required to prove that the charged transactions involved property that was represented to the defendant to be the proceeds of narcotics trafficking, and that the defendant believed that the property was the proceeds of narcotics trafficking.

In determining whether the defendant believed that the property was the proceeds of narcotics trafficking, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  Guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken.  However, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning about the source of the proceeds involved in the charged transactions, then this element may be satisfied.  If you find beyond a reasonable doubt that the defendant was aware of a high probability that the charged transactions involved the proceeds of narcotics trafficking, and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted with the belief necessary to satisfy this element.  However, if you find that the defendant actually believed that the proceeds involved in the charged transactions were not the proceeds of narcotics trafficking, he may not be convicted.  It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Third Element: Intent to Promote Unlawful Activity

The third element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to conceal or disguise the nature, location, source, ownership, or control of the property.

To act intentionally means to act deliberately and purposefully, and not by mistake or accident, with the purpose to conceal or disguise the nature, location, source, ownership, or control of the property.  To satisfy this element, the government must prove that the defendant knew of the purpose of the particular transaction in issue, and that he intended that the transaction conceal or disguise the origin of the property in question as he believed it to be.

> Authority:   Adapted from the charges of the Hon. Roslynn R. Mauskopf, United States v. Flom, 14-CR-507 (RRM) (E.D.N.Y.) and the Hon. G. Murray Snow in United States v. Costanzo, 17-CR-585 (D. Ariz.).; Sand, Instruction Nos. 50A-20, 50A-23 and 50A-24 (2016 ed.); see also United States v. Nektalov, 461 F.3d 309, 315 (2d Cir. 2006);

REQUEST NO. 5

Count Two: Operation of an Unlicensed Money Transmitting Business

Count Two charges the defendant with the crime of operating an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960(a).

To prove the crime of operating an unlicensed money transmitting business, the government must establish beyond a reasonable doubt each of the following three elements:

First, that the defendant knowingly controlled, conducted, managed, supervised, directed, or owned all or part of a money transmitting business;

Second, that the money transmitting business affected interstate or foreign commerce; and

Third, that either the money transmitting business was not licensed, and operated in a state where the business was required to be licensed, or the business failed to register as required with the Secretary of the Treasury.

The first element the government must establish beyond a reasonable doubt is that defendant knowingly controlled, conducted, managed, supervised, directed, or owned all or part of a "money transmitting business."  The government is not required to prove that the defendant did all the things in that list, but only that he did any one of them.  In order for you to evaluate this element, let me define the following terms for you.  A "business" is a commercial enterprise that is regularly carried on for profit.  Thus, a single isolated transmitting of money is not a business under this definition.  A "money transmitting business" is a business that, for a fee, accepts currency for transfer, within or outside the United States, by any means including wire, check, draft, facsimile, or hand delivery.  The terms "conducted," "controlled," "managed," "supervised," "directed," or "owned" have their ordinary meanings.

13

The second element the government must establish beyond a reasonable doubt is that the money transmitting business affected interstate or foreign commerce.  Interstate or foreign commerce simply means the movement of goods, services, money, and individuals between states or between the United States and a foreign state or nation.  The government must prove that the money transmitting business affected interstate or foreign commerce in any manner, no matter how minimal.  You do not have to decide whether the effect on interstate or foreign commerce would be harmful or beneficial to a particular business or to commerce in general.  In addition, it is not necessary for the Government to show that the defendant actually intended or anticipated that his actions would have an effect on interstate or foreign commerce or that commerce was actually affected.  All that is necessary is that the natural and probable consequences of certain acts would affect interstate or foreign commerce.  I further instruct you that a transaction involving an interstate or foreign transfer of funds, by wire, check, courier, internet application, or other means, affects interstate or foreign commerce.

The third element the government must prove beyond a reasonable doubt is that the money transmitting business was unlicensed, meaning that the business either was operating in a state without a required license where operation without a license was punishable as a misdemeanor or felony under state law, or that the business was not registered as required with the United States Secretary of the Treasury.

I instruct you that to satisfy this element, the government needs to prove beyond a reasonable doubt only that the money transmitting business was unlicensed in either of these respects.  That is to say, the government only needs to prove either, one, that the defendant operated a money transmitting business in a state without a license where such operation was punishable as a misdemeanor or felony, or two, that he conducted such a business without registering it with the

14

United States Secretary of the Treasury.  The only state at issue in this trial is New York.  The government does not need to prove that the defendant conducted a money transmitting business without both federal registration and state licenses.  However, in order to convict on this count, you must be unanimous that the government proved beyond a reasonable doubt that at least one or the other of these two conditions was satisfied.

I will now explain the applicable licensing and registration requirements. Let me start with the federal registration requirement.  As I mentioned, one of the ways the Government can satisfy this element is by proving that the defendant failed to register his business with the United States Secretary of the Treasury.  Federal law requires certain money transmitting businesses to register with the Secretary of the Treasury within 180 days after the business was established.  Specifically, this registration requirement applies to any money transmitting business, foreign or domestic, that engages in money transmitting functions in the United States.  It is important to note that the Government does not need to prove that the defendant knew that such registration was required.  The Government only has to prove that the business was not registered and that the defendant knew that the business was not registered.

Now let me turn to the other way the Government can prove that the defendant's business was unlicensed.  The Government can satisfy this element by showing that the defendant operated his business without a required license in a State where such operation was punishable as a misdemeanor or felony under State law.  I instruct you that the term "State" includes any State of the United States.  Therefore, New York is a "State."   I instruct you that the laws of the State of New York require that any person who engages in the business of receiving money for transmission or of transmitting money to be licensed as a money transmitter by the New York State Department of Financial Services.  New York law also makes engaging in such a business without

a license punishable as a felony or a misdemeanor, depending on factors that are not relevant here.

Again, the government does not need to prove that the defendant knew that a license was required

in New York, or that the defendant knew that it was a misdemeanor or felony to engage in a money

transmitting business without a license.  The government only has to prove that the business was

unlicensed and that the defendant knew that the business was unlicensed.

> Authority:  Adapted from Sand, Instructions 50A-7, 50A-34, 50A-35 and 50A-36, the charges of the Honorable Lewis A. Kaplan in United States v. Trujillo, 01 Cr. 1077 (LAK) (S.D.N.Y.), and the elements set out in United States v. Mazza-Alaluf, 607 F. Supp. 2d 484, 489 (S.D.N.Y. 2009); United States v. Elfgeeh, 515 F.3d 100, 134 (2d Cir. 2008) (trial court correctly charged jury that "the government does not have to prove that the defendant knew of the [State] licensing requirement or that it was unlawful to operate such a business without a license"); New York Banking Law § 641 (providing in relevant part that "No person shall engage in the business of selling or issuing checks, or engage in the business of receiving money for transmission or transmitting the same, without a license therefor obtained from the superintendent as provided in this article, nor shall any person engage in such business as an agent of a licensee or as agent of a payee …"); United States v. Velastegui, 199 F.3d 590, 592 (2d Cir. 1999); 18 U.S.C. § 1960.

<u>REQUEST NO. 6</u>

<u>Venue</u>

In addition to the elements of the crimes charged in Counts One and Two, you must also decide whether any act in furtherance of the crimes occurred within the Eastern District of New York.  This requirement is called "venue."  The Eastern District of New York includes all of Brooklyn, Queens, Staten Island, and Nassau County and Suffolk County on Long Island.

In this regard, the government need not prove that the crime was committed in this District or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred in the Eastern District of New York.

I note that on this issue - and only on this issue - the government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  A "preponderance of the evidence" means that the government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Eastern District of New York.  Thus, with respect to each count, the government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the offense you are considering occurred within the Eastern District of New York.  If you find that the government has failed to prove this venue requirement, then you must acquit the defendant.  Let me stress, the preponderance of the evidence standard applies only to the question of venue.  As I have instructed you, the government must prove each and every element of the crime charged beyond a reasonable doubt.

<u>Authority</u>:  Adapted from the charges of the Hon. Roslynn R. Mauskopf, <u>United States v. Flom</u>, 14-CR-507 (RRM) (E.D.N.Y.).

REQUEST NO. 7

No Duty to Call All Witnesses

The law does not require any party to call as witnesses all persons who may have

been present at any time or place involved in the case, or who may appear to have some knowledge

of the matters in issue at this trial.  Nor does the law require the government to produce as exhibits

all papers and other items mentioned during the course of the trial.

> Authority:    Adapted from the charges of the Hon. Kiyo A.
> Matsumoto, United States v. Barret, et al., No. 10-CR-809 (KAM)
> (E.D.N.Y.); the Hon. Sterling Johnson, United States v. Scalisi, No.
> 10-CR-46 (SJ) (E.D.N.Y.).

REQUEST NO. 8

Interested Witness/Testimony of Defendant
(If Applicable)

If a witness is interested in the outcome of the trial on one side or the other, you may consider such interest in determining how much credit or weight you will give to his or her testimony.  A witness is an interested witness when by reason of relationship, friendship, antagonism, or prejudice in favor of or against one side or the other, his or her testimony, in your judgment, is biased or likely to be biased toward the side which he or she favors.  In determining the credibility of a witness, you may consider whether such witness has any bias or prejudice for or against any party in the case. In determining the credibility and weight to be given to the testimony of a witness, you should take into account such bias or prejudice.  Evidence that a witness is biased or prejudiced for or against a party requires you to view the witness'[s] testimony with caution, to weigh it with care, and to subject it to close and searching scrutiny.  However, keep in mind that you should not reject the testimony of an interested witness merely because of such interest.  Nor should you accept the testimony of a witness merely because of such disinterest. It is your duty in the case of all witnesses to accept such of the testimony as you believe to be truthful and reject only such testimony as you believe to be false.  As I said, interest and disinterest are merely factors you may consider in evaluating credibility.  As I have mentioned, in a criminal case, a defendant cannot be required to testify.  Our Constitution provides that he has the right to elect not to testify.  However, if a defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

Authority:  United States v. Jenkins, 48 F.4th 300, 301-302 (2022)

REQUEST NO. 9

Guilty Knowledge from Clandestine Behavior

I instruct you that willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.

Authority:  Sand, Instruction No. 6-19.

REQUEST NO. 10

Evidence Obtained Pursuant to Lawful Procedures

You have heard testimony that interactions between law enforcement agents and the defendant were audio recorded.  In addition, you have seen evidence obtained pursuant to a search of a cellular telephone and laptop computer.  You have also seen evidence obtained pursuant to hidden recording devices.  This evidence was obtained lawfully.  The use of these procedures to gather evidence is perfectly lawful and the government has the right to use such evidence in this case.

The wisdom of the law and law enforcement policies and procedures are not your concern.  Your job is only to decide whether the government has proved that the defendant committed the crime charged in the superseding indictment.

Authority:  Adapted from the charge of the Hon. Joseph Bianco, United States v. Kwame Richardson, 09-CR-873; the Hon. Kiyo A. Matsumoto, United States v. Broughton, 13-CR-164; and the Hon. Carol B. Amon, United States v. Gill, et al., 13-CR-487.

21

<u>REQUEST NO. 11</u>

<u>Use of Undercover Agents and Informants</u>

You have heard testimony from undercover law enforcement agents who were employed by the government to investigate the defendant.

Sometimes the government uses undercover law enforcement agents who may conceal their true identities in order to investigate suspected violations of the law.  There is nothing improper or illegal with the government using these techniques, so long as the defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case.  Indeed, certain types of evidence would be extremely difficult to detect without the use of undercover law enforcement agents.

Whether or not you approve of the use of undercover law enforcement agents to detect unlawful activities is not to enter into your deliberations in any way.

<u>Authority</u>: Adapted from Sand Instruction No. 5-23.

## REQUEST NO. 12

### Particular Investigative Techniques Not Required
### (If Applicable)

During the trial, you may have heard testimony of witnesses and argument by counsel regarding whether the government used or did not use particular investigative techniques. You are instructed that there is no legal requirement that the government prove its case through any particular means. While you are to consider carefully the evidence offered by the government, you are not to speculate as to why it used the techniques it did or why it did not use other techniques. The government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Authority:  Adapted from the charge of the Hon. Joseph Bianco, United States v. Kwame Richardson, 09-CR-874.

## REQUEST NO. 13

### Expert Testimony

You have heard the testimony of expert witnesses in this case.  Ordinarily, witnesses are restricted to testifying concerning matters of fact.  There are occasions, however, when there is some technical or other specialized area of knowledge that will assist the jury in deciding a disputed fact.  On those occasions, a witness who is specially qualified by training, knowledge, experience, or education may be called to testify about some evidence or facts in issue in the form of an opinion.

Your role in judging credibility applies to experts as well as to other witnesses. You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such a person has given an opinion does not mean that you are required to accept it.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion and all other evidence in the case.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, then you may disregard the opinion of the expert.  Furthermore, if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, training and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing great reliance on the expert's testimony.

> Authority:   Adapted from the charges of the Hon. Roslynn R. Mauskopf, United States v. Bert, 14-CR-196; the Hon. Pierre N. Leval, United States v. Mucciante, 91-CR-403; the Hon. David G. Trager, United States v. McKenzie, 94-CR-469; and the Hon. Michael B. Mukasey, United States v. Mensah, 91-CR-705 (S.D.N.Y.); Sand, Instruction No. 7-21.

REQUEST NO. 14

Interviewed Witnesses
(If Applicable)

During the course of trial you heard testimony that the attorneys interviewed

witnesses when preparing for the trial.  You must not draw any unfavorable inference from that

fact.  On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and in

the discharge of that responsibility properly interview witnesses in preparation for the trial.

> Authority:  Adapted from the charges of the Hon. Kiyo A. Matsumoto, United
> States v. Greebel, 15-CR-637; and the Hon. I. Leo Glasser, United States v. Young
> Taek Lee, 93-CR-1072.

REQUEST NO. 15

Similar Acts – Intent, Knowledge, Absence of Mistake
(If Applicable)

The government has offered evidence tending to show that on different occasions the defendant engaged in other criminal activity.

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the superseding indictment.  Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

Specifically, if you determine that the defendant committed the acts charged in the superseding indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the superseding indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant committed the other acts he must also have committed the acts charged in the superseding indictment.

Authority: Adapted from Sand Instruction No. 5-25.

27

<u>REQUEST NO. 16</u>

<u>Summary Evidence</u>
(If applicable)

Some exhibits were admitted into evidence in the form of charts and summaries.

Those charts and summaries were admitted in order to save the time of reviewing voluminous

records and to avoid inconvenience.  You should consider these charts and summaries the same

way you would any other evidence.

<u>Authority</u>:  Adapted from the charges of the Hon. William F. Kuntz,
II, <u>United States v. Pagett</u>, 17-CR-306; and of the Hon. Brian M.
Cogan, <u>United States v. Nadeem</u>, 13-CR-424.

CONCLUSION

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated: Brooklyn, New York
       September 12, 2022

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
        Gillian A. Kassner
        Marietou E. Diouf
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Clerk of the Court (PKC) (by ECF)
       Murray Singer, Esq. (by ECF)
       Emilee Sahli, Esq. (by ECF)

<u>Proposed Verdict Sheet</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

       - against -

                                     Docket. No. 19-CR-386 (PKC)

MUSTAFA GOKLU,
    also known as "Mustangy"

                  Defendant.


– – – – – – – – – – – – – – – – – –X


<u>COUNT ONE</u>
(Money Laundering)

1.      On COUNT ONE, how do you find the defendant MUSTAFA GOKLU?


           GUILTY _____ NOT GUILTY _____



<u>COUNT TWO</u>
(Operation of an Unlicensed Money Transmitting Business)

2.      On COUNT TWO, how do you find the defendant MUSTAFA GOKLU?


           GUILTY _____ NOT GUILTY _____

a.  If you find the defendant guilty on Count Two, indicate whether you unanimously

    find that the Government has proved beyond a reasonable doubt that the

defendant conducted, controlled, managed, supervised, or directed or owned all or part of an unlicensed money transmitting business, which:

    i.   operated without an appropriate money transmitting license in the State of New York.

        Yes _____        No _____

    ii.  failed to comply with the federal money transmitting business registration requirements.

        Yes _____        No _____