# Murray E. Singer
Attorney at Law

14 Vanderventer Avenue  
Suite 147  
Port Washington, New York 11050  
email: msingerlaw@gmail.com

tel: (516) 869-4207  
fax: (516) 706-7085  
mobile: (516) 662-4950

**BY ECF**                                                                                    September 12, 2022

Hon. Pamela Chen  
United States District Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

    Re:    USA v. Mustafa Goklu  
               19-CR-386

Your Honor:

      I and Emilee Sahli represent Mustafa Goklu in the above-referenced matter. We are writing to propose three instructions to include in the General Considerations portion of the Court's charge, and jury instructions on the two counts of the indictment.

GENERAL INSTRUCTIONS

      With respect to the General Instructions portion of the Court's charge, we request that the following be included:

      Sympathy or Bias

      You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence introduced at this trial, or the lack of evidence. Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. Under your oath as jurors you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you consider each charge against Mr. Goklu is: has the Government proven each element of that charge beyond a reasonable doubt? It is for you alone to decide whether the Government has proven that Mr. Goklu is guilty of the crimes charged, and you are to do so solely on the basis of the evidence, and subject to the law as I explain it to you. If you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. If you have a reasonable doubt as to Mr. Goklu's guilt as to a particular charge, you should not hesitate for any reason to reach a verdict of not guilty as to that charge. On the other hand, if you should find that the Government has met its burden of proving beyond a reasonable doubt that Mr. Goklu is guilty of a particular charge, you

should not hesitate because of sympathy or any other reason to reach a verdict of guilty as to that charge.

The question of possible punishment must not enter into or influence your deliberations in any way. The duty of imposing a sentence, if necessary, rests exclusively on me. Your function is to weigh the evidence in the case and to determine whether or not the Government has proven Mr. Goklu's guilt beyond a reasonable doubt, solely on the basis of such evidence or lack of evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed on Mr. Goklu, if he is convicted, to influence your verdict in any way, or, in any sense, to enter into your deliberations. Similarly, you cannot permit any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

Your verdict must be based exclusively on the evidence or the lack of evidence in this case.

<u>All Persons Equal Before the Law</u>

In reaching your verdict, you must keep in mind that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and that the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give the Government and its witnesses no less consideration.

In reaching your decision as to whether the Government sustained its burden of proof, you may not consider any personal feelings you may have about the Defendant's race, religion, ethnicity, national origin, sex, or age. All persons are entitled to the same presumption of innocence.

<u>Improper Considerations: Race, Religion, National Origin, Sex, or Age</u>

Your verdict must be based solely on the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's race, religion, national origin, sex, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, or age of any witness or anyone else involved in this case. Both sides are entitled to a trial free of prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

<u>COUNTS OF THE INDICTMENT</u>

With respect to Count One, charging Money Laundering under 18 U.S.C. §1956(a)(3)(B), we request that the Court charge the jury as follows:

"The first count of the indictment charges the defendant with Money Laundering in violation

Page 3

of Title 18, United States Code, Section 1956(a)(3)(B). The indictment reads as follows:

On or about and between August 28, 2018 and April 30, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MUSTAFA GOK.LU, also known as "Mustangy," together with others, did knowingly and intentionally conduct and attempt to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions involved property represented by a law enforcement officer and by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, and to be property used to conduct and facilitate such specified unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of such specified unlawful activity.

Section 1956(a)(3)(B) of Title 18, United States Code provides, in relevant part:

Whoever, with the intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity, conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be [guilty of a crime].

In order to prove the crime of money laundering in violation of section 1956(a)(3)(B), the government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant conducted or attempted to conduct a financial transaction that affected interstate or foreign commerce in any way or degree.

Second, that the transaction involved property represented by a law enforcement officer, and believed by the defendant, to be the proceeds of narcotics trafficking.

Third, that the defendant acted with the intent to conceal or disguise the nature, location, source, ownership, or control of the property believed to be the proceeds of narcotics trafficking.

The first element that the government must prove beyond a reasonable doubt is that the defendant conducted or attempted to conduct a financial transaction that affects interstate or foreign commerce in any way or degree.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other

disposition of property.

The term "financial transaction" means a transaction involving a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction that in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The second element that the government must prove beyond a reasonable doubt is that the transaction the defendant conducted or attempted to conduct involved property represented by a law enforcement officer, and believed by the defendant, to be the proceeds of narcotics trafficking.

For the purposes of this section, a law enforcement officer includes federal law enforcement officers and any other person acting under the direction or with the approval of a federal official authorized to investigate or prosecute money laundering.

The third element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to conceal or disguise the nature, location, source, ownership, or control of the property.

To act intentionally means to act deliberately and purposefully, and not by mistake or accident, with the purpose to conceal or disguise the nature, location, source, ownership, or control of the property. To satisfy this element, the government must prove that the defendant knew of the purpose of the particular transaction in issue, and that he intended that the transaction conceal or disguise the origin of the property in question as he believed it to be."

See 3 Modern Federal Jury Instructions-Criminal P 50A.05 (2022)

With respect to Count Two, charging Operation of an Unlicensed Money Transmitting Business under 18 U.S.C. §1960(a), we request that the Court charge the jury as follows:

"The second count of the indictment charges the defendant with Operation of an Unlicensed Money Transmitting Business in violation of Title 18, United States Code, Section 1960(a). The indictment reads as follows:

On or about and between August 28, 2018 and April 30, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MUSTAFA GOKLU, also known as "Mustangy," together with others, did knowingly conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business affecting

interstate and foreign commerce, to wit: a digital currency exchange business. which (a) operated without an appropriate money transmitting license in the State of New York, where such operation is punishable as a misdemeanor and a felony under New York State law; and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder.

Section 1960(a) of Title 18, United States Code provides, in relevant part:

Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be [guilty of a crime]."

In order to prove that the defendant operated an unlicensed money transmitting business, the government must establish beyond a reasonable doubt each of the following elements of the offense:

First, that the defendant, Mustafa Goklu, also known as "Mustangy" was an unlicensed money transmitting business;

Second, that defendant knowingly controlled or conducted or managed or supervised or directed or owned that business; and

Third, that the money transmitting business affected interstate commerce.

The first element the government must prove beyond a reasonable doubt is that the defendant, Mustafa Goklu, also known as "Mustangy" was an unlicensed money transmitting business.

A "business" is a commercial enterprise that is regularly carried on for profit. Thus, a single isolated transmitting of money is not a business under this definition.

A "money transmitting business" is a business that, for a fee, accepts currency for transfer within or outside the United States.

To satisfy this element, the money transmitting business must be unlicensed. I instruct you that under the laws of the state of New York, a business that engages in the business of receiving money for transmission or transmitting the same must be licensed by the state. It is for you to determine whether the money transmitting business was licensed as required.

To satisfy this element, the government must prove that defendant knew that the business was unlicensed. However, the government does not have to prove that defendant knew that state law required the business to be licensed.

The second element the government must establish beyond a reasonable doubt is that defendant knowingly controlled or conducted or managed or supervised or directed or owned that business.

Page 6

To prove that defendant knowingly controlled the money transmitting business, the government must establish that defendant was involved in the management of the business and was not merely an employee of that business.

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

The third element the government must establish beyond a reasonable doubt is that the money transmitting business affected interstate or foreign commerce.

Interstate or foreign commerce simply means the movement of goods, services, money and individuals between states or between the United States and a foreign state or nation.

The government must prove that the money transmitting business affected interstate or foreign commerce in any manner, no matter how minimal.

See 1 Modern Federal Jury Instructions-Criminal P 50A.07 (2022).

We reserve the right to modify this request if warranted by the evidence introduced at trial.

Thank you for your consideration.

Very truly yours,

/s/
Murray Singer

cc:   AUSA Gillian Kassner by ECF and email
      AUSA Marietou Diouf by ECF and email