**Murray E. Singer**
Attorney at Law

14 Vanderventer Avenue                                    tel: (516) 869-4207
Suite 147                                                 fax: (516) 706-7085
Port Washington, New York 11050                           mobile: (516) 662-4950
email: msingerlaw@gmail.com

**BY ECF**                                                September 13, 2022

Hon. Pamela Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   USA v. Mustafa Goklu
      19-CR-386

Your Honor:

     I and Emilee Sahli represent Mustafa Goklu in the above-referenced matter. We are writing to register our objections to some of the government's voir dire requests.

     Proposed question 12 states "the defendant is charged with money laundering in connection with property a law enforcement officer represented to be proceeds of narcotics trafficking." We contend that whether law enforcement represented that the property was the proceeds of narcotics trafficking is a factual question for the jury, so should not be stated by the Court in a declarative manner. We therefore ask the Court not to include this question in it's voir dire. If the Court decides to ask this question, we propose "the defendant is charged with money laundering in connection with property allegedly represented to the defendant to be the proceeds of narcotics trafficking."

     Proposed questions 12(g) and 12(h) ask about the "dark web". We object to these questions. The "dark web" is irrelevant to this case. All of Mr. Goklu's electronic transactions took place on open sites, none of which are the "dark web." We contend this is an attempt to introduce a sinister term to improperly influence the jury.

     Proposed question 12(k) states "do you believe that individuals who engage in financial transactions have a right to disregard where the money is coming from?" We object to this question because a) generally, yes, they do, and b) it assumes that Mr. Goklu did so in this case. That is one of the factual questions in dispute at this trial. If the Court decides to ask a question on this subject, we propose "Do you believe it is the responsibility of individuals who engage in financial transactions to know where the money is coming from?"

     Proposed question 13(a) states "do you believe that businesses that transfer money – including cash and/or cryptocurrency – should not need a license?" We object to this question

Page 2

because a) not all "businesses that transfer money" are money transmitting businesses under the law, even as proposed by the government, and b) the question is too specific to the facts of this case, and too technical (what is a "money transmitting business") to be appropriate for testing the general attitudes of prospective jurors and their ability to be fair and impartial.

Proposed question 20 asks about the question of punishment. We object to this question because it is not appropriate for this stage of the proceeding and will be part of the Court's charge.

Thank you for your consideration.

Very truly yours,

/s/
Murray Singer

cc:   AUSA Gillian Kassner by ECF and email
      AUSA Marietou Diouf by ECF and email