# Murray E. Singer
### Attorney at Law

14 Vanderventer Avenue　　　　　　　　　　　　　　　　　　　　　　　tel: (516) 869-4207
Suite 147　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　fax: (516) 706-7085
Port Washington, New York 11050　　　　　　　　　　　　　　　　　　mobile: (516) 662-4950
email: msingerlaw@gmail.com

**BY ECF**　　　　　　　　　　　　　　　　　　　　　　　　September 13, 2022

Hon. Pamela Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　Re:　　USA v. Mustafa Goklu
　　　　　　19-CR-386

Your Honor:

　　　　I and Emilee Sahli represent Mustafa Goklu in the above-referenced matter. We are writing to register our objections to some of the government's proposed jury instructions.

　　　　Proposed request No. 3 is a separate instruction on knowledge and intent. We object to this instruction, as the questions of knowledge and intent are fully covered in the Court's charge on the substantive counts. Specifically, in the second paragraph on page 6 of the government's submission, we object to the portion beginning "In this regard" and continuing to the end of the paragraph. The proposed language reads as if to direct jurors to specific areas of inquiry and what conclusions to draw. We ask that the language be omitted in its entirety.

　　　　Proposed request No. 4, on page 8, second element refers to the proceeds of "some form of unlawful activity." This language is repeated in the bottom paragraph on page 9. We object to this phrase because it does not track the language of the indictment. To make out this element, it must be established that the property was believed to be the proceeds of "narcotics trafficking," not just any form of unlawful activity.

　　　　Proposed request No. 4, on page 10, we object to the entire third paragraph, beginning "In order to sustain". This is argument that should be left to the government to pursue during summations.

　　　　Proposed request No. 4, on page 11, we object to the entire second paragraph, beginning "In determining whether". The proposed language goes far beyond what the law requires, and implies that Mr. Goklu had some affirmative obligation to investigate the source of the money. We ask that this paragraph be omitted in its entirety.

Page 2

Proposed request No. 9 on page 20 is entitled "Guilty Knowledge from Clandestine Behavior." We object to this request in its entirety. The terms "secretive" and "irregular" are relative terms with no fixed meaning. Yet the charge both suggests and implies that Mr. Goklu acted in both ways. This may be appropriate argument for the government to make in its summation, but should not be part of the Court's charge.

Proposed request No. 10 on page 21 is unnecessary. There is no claim in this case that the law enforcement procedures utilized in this case were unlawful, and there is no challenge to the introduction of the evidence obtained. Highlighting this point simply to tell the jury that the government acted properly serves no purpose other than to pat the government on the back. The Court should not be taking sides in this way.

Proposed request No. 11 on page 22 begins by stating that the agents "were employed by the government to investigate the defendant." We object to this language. The agents were employed to conduct investigations generally. The proposed language suggests that the government had reason to investigate Mr. Goklu, and employed these agents to do so.

Proposed request No. 15 on page 27 concerns what are alleged to be criminal or other improper acts by defendant separate from the crimes charged. We object to this charge in its entirety. The government does not specify which acts are covered in this charge. We contend that there is no evidence of other illegal or improper conduct on the part of Mr. Goklu. Any instruction suggesting as much, at least without proof, is wholly improper and unwarranted.

Thank you for your consideration.

Very truly yours,

/s/
Murray Singer

cc:   AUSA Gillian Kassner by ECF and email
      AUSA Marietou Diouf by ECF and email