# Murray E. Singer
### Attorney at Law

14 Vanderventer Avenue
Suite 147
Port Washington, New York 11050
email: msingerlaw@gmail.com

tel: (516) 869-4207
fax: (516) 706-7085
mobile: (516) 662-4950

**BY ECF**                                                            September 15, 2022

Hon. Pamela Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     USA v. Mustafa Goklu
        19-CR-386

Your Honor:

      Emilee Sahli and I represent Mustafa Goklu in the above-referenced matter. We are writing to register our objections to portions of the government's motions in limine, specifically, Part I.

      The indictment alleges that between August 2018 and April 2019, in a series of transactions with an undercover law enforcement officer, Mr. Goklu laundered money and operated a money transmitting business. By this motion, the government seeks to introduce other evidence from communications and transactions with other individuals, within and without the time period alleged, to create an aura of suspicion over otherwise legal activity, and to do so without any evidence of criminality or wrongdoing with respect to any of those communications or transactions. And they claim to do so in the guise of establishing Mr. Goklu's knowledge or intent or purpose in conducting the transactions that are the subject of this indictment. But the evidence they seek to introduce fails to do so.

      The government correctly states that one issue in dispute at trial regarding the money laundering charge will be the defendant's knowledge as to the source of the money in the BTC transactions with the undercover officer. What they do not state is how evidence that defendant conducted transactions with other people helps to establish his knowledge of the source of the BTC from the undercover. The government does not know who was involved in the other transactions, what the source of the BTC or cash was in the other transactions, or whether defendant had any discussions with the other people concerning the source of the funds or the purpose of the transactions. The other transactions may well have been perfectly legal. All they have really done throughout this motion is to identify their own suspicions, and then to make assumptions based on those suspicions. For example, they ask why would someone charge (or pay) a fee to conduct a

transaction that could be done in some other way? Or why would someone seek to conduct a large cash transaction privately? The fact is that if all of the evidence the government had in its possession was Mr. Goklu's other business activity or other transactions, there would have been no arrest, no indictment, and no pending charges. And the reason for that is that none of the other activities establish any illegal conduct by Mr. Goklu. Indeed, even the single example the government can point to where a prospective customer referenced a need to "wash" funds concerned a possible transaction that the government acknowledges "fell apart", and which included defendant calling the prospective customer a drug dealer that defendant was going to report to the police. It is only through the series of meetings, conversations, and transactions with the undercover officer that there is anything that could give rise to a criminal accusation. Without evidence supporting a claim that any of the other activity was criminal or otherwise improper, there is nothing but an evil haze generated by the government's own suspicions, which the government seeks to spread over the evidence of the transactions at issue.

The same is true with the government's claim that the other evidence they seek to introduce somehow establishes any element of the money transmitting business charge. The government will establish that Mr. Goklu incorporated Mustangy Corp, and that Mr. Goklu alone conducted every transaction with the undercover officer. The direct evidence of the transactions alleged in the indictment will either establish that Mr. Goklu operated a money transmitting business or it will not. Evidence that Mr. Goklu engaged in other transactions with other people at other times, or otherwise engaged in unrelated business transactions with other people, without any further evidence of the nature or purpose of those other transactions, offers nothing to the question of whether Mr. Goklu operated a money transmitting business. Again, the government seeks only to generate and spread an evil haze based on their own suspicions.

Fundamentally, our objection is that the other evidence the government seeks to introduce is of little to no probative value as to either charge, and is being used for the improper purpose of enhancing their own suspicions about Mr. Goklu. If the evidence of the communications and transactions with the undercover officer does not establish knowledge of the source of the funds or the purpose of the transactions, or that Mr. Goklu operated a money transmitting business, the additional evidence of unrelated and otherwise lawful activity cannot and will not, and should not be permitted to, affect the jury's determination of the issues.

As stated, the additional evidence sought to be introduced by the government is of little to no probative value yet, by raising otherwise unsupported suspicions, would cause great prejudice to Mr. Goklu. The effect will be to divert the jury's attention from the evidence of the transactions in question to other activity that the government seeks to suggest, without evidence, is somehow illegal or improper. We urge the Court to deny the government's efforts, and to limit the government's evidence to the charged activity.

Page 3

Thank you for your consideration.

Very truly yours,

/s/
Murray Singer

cc:     AUSA Gillian Kassner by ECF and email
        AUSA Marietou Diouf by ECF and email