UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA,

**JURY INSTRUCTIONS**

- against -

19-CR-386 (PKC)

MUSTAFA GOKLU, a/k/a MUSTANGY

Defendant.

--------------------------------------------------------X

JURY INSTRUCTIONS

1



COURT'S
EXHIBIT NO. #1
IDENTIFICATION/EVIDENCE
DKT.# 19CR386
DATE: 10/7/22

PAMELA K. CHEN, United States District Judge:

Ladies and gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions.

As you know, the Defendant Mustafa Goklu is charged with money laundering and the operation of an unlicensed money transmitting business. The Defendant has pleaded not guilty to all charges.

My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case such as this.

Second, I will instruct you as to the particular crimes charged in this case and the specific elements that the Government must prove with respect to each crime.

Third, I will give you some general rules regarding your deliberations.

## I.    GENERAL INSTRUCTIONS: ROLE OF THE COURT AND JURY

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My role is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole.

Because it is your role—not mine—to determine the facts, I did not state or imply any view about how you should decide the facts of this case. You should not conclude from anything I have said or done during this trial, including these instructions, that I have any opinion about the facts or the merits of this case. For example, occasionally, I may have asked a witness or a lawyer questions. These questions were only intended for clarification or to expedite matters, and not to suggest any opinions on my part as to the verdict you should reach or whether any of the witnesses

may have been more credible than any other witness. You should attach no special significance to my questions simply because I asked them.

### A. EQUALITY OF THE GOVERNMENT AND THE DEFENSE BEFORE THE COURT

The fact that the Government is prosecuting this case on behalf of the United States of America should not affect your evaluation of the evidence and facts before you. The Government is entitled to no greater consideration than the Defendant. By the same token, however, the Government is also entitled to no less consideration. All parties, whether the Government or individuals, are equal before the law are entitled to equal consideration.

### B. NO SYMPATHY, FEAR, PREJUDICE, OR BIAS

It is your responsibility to decide the facts with complete fairness and impartiality and without any bias or prejudice or sympathy for any party. You must perform your duty as jurors with complete fairness and impartiality. You must carefully and impartially consider the evidence, follow the law as I give it to you, and reach a just verdict regardless of the consequences. The crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has met that burden to prove each element of the crime charged, solely on the basis of the evidence before you and the law as I charge you. If you should find that the Government has met its burden of proving the Defendant's guilt beyond a reasonable doubt, you may render a verdict of guilty without concern for sympathy or any other reason. On the other hand, if you have a reasonable doubt as to the Defendant's guilt, you should not hesitate because of sympathy, fear, prejudice, or bias for or against anyone to find the Defendant not guilty.

In reaching your decision as to whether the Government has sustained its burden of proof, you may not consider any personal feelings you may have about the Defendant's race, ethnicity, national origin, sex, or age, or that of any witness or anyone else involved in this case. All persons charged with a crime are entitled to the same presumption of innocence. The Government has the same burden of proof with respect to all persons. As with any other individual charged with a crime, the issue is whether the Government has met its burden of demonstrating each and every element of the offense beyond a reasonable doubt as to the Defendant.

## C. FUNCTION OF THE INDICTMENT AND WHAT IS NOT IN EVIDENCE

The Defendant has been charged in an Indictment with violating federal laws. The Indictment is merely a statement of the charges against the Defendant. The Indictment is not itself evidence nor does it create an inference of guilt. It is an accusation and nothing more.

## D. PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

As previously stated, the Defendant has entered a plea of not guilty as to all the charges against him in the Indictment. The Defendant is presumed to be innocent of the charges against him, and that presumption alone, unless overcome, is sufficient to acquit him. The legal presumption of innocence remains in force until such time, if ever, that you as a jury are satisfied that the Government has proven the guilt of the Defendant as to each element of any particular crime charged beyond a reasonable doubt.

The Government alone bears the burden to prove the Defendant's guilt as to each element of the charges beyond a reasonable doubt. The law never imposes upon a Defendant in a criminal case the burden or duty of calling any witness or producing any evidence. Your task in deliberations is not to decide between guilt and innocence; it is to decide between guilty and not guilty based on the evidence or lack of evidence. Indeed, the presumption of innocence alone requires you to acquit the Defendant of the charge you are considering unless you are unanimously

convinced that the Government has met its burden to prove that he is guilty of that charge beyond a reasonable doubt.

###    E.    REASONABLE DOUBT

You may be wondering what is "reasonable doubt." The words almost define themselves. It is doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence or lack of evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the guilt of the Defendant as to a particular charge, you should find Defendant guilty of that charge. On the other hand, if after fair and impartial consideration of the evidence or lack of evidence concerning a particular charge, you have a reasonable doubt as to the Defendant's guilt, you must find the Defendant not guilty of the charge.

###    F.    PUNISHMENT

Under your oath as jurors, you are not to consider the question of the possible punishment the Defendant may receive if he is convicted. The duty of imposing a sentence, if necessary, rests exclusively on me. You cannot allow consideration of the punishment that may be imposed upon the Defendant, if he is convicted, to influence your verdict in any way, or to enter into your

deliberations in any sense. Your duty as jurors is to weigh the evidence in this case and to determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence before you.

## G. THE DEFINITION OF EVIDENCE AND MEANING OF OBJECTIONS

I will now talk to you about what evidence is and how you should consider it.

You must determine the facts in this case based solely on the evidence presented, and those inferences which can reasonably be drawn from the evidence presented. The evidence in this case includes the sworn testimony from the witnesses and documentary exhibits that have been received in evidence by me, and the stipulations between the parties.

As I explained at the beginning of the case, certain things are not evidence and you should disregard them in deciding what the facts are in this case:

- As I already instructed you, the Indictment is not evidence.

- The arguments and statements of the lawyers, including the opening statements and closing arguments of the lawyers, are not evidence. If anything the lawyers said about the evidence in their statements or arguments conflicts with your own memory of the evidence, it is your recollection that governs.

- Objections to questions or exhibits are not evidence. Also, statements that attorneys make while objecting to questions and exhibits are not evidence. The lawyers have a duty to their clients to object when they believe something is improper under the rules of evidence. You should not be influenced by any such objection. If I sustained an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been, or the exhibit might have contained. If I overruled an objection, treat the answer or exhibit like any other.

- Anything you may have seen or heard outside the courtroom is not evidence.

- Any testimony or exhibit that has been excluded, stricken, or that you have been instructed to disregard is not evidence.

- Transcripts of audio recordings are not evidence. During the trial, you heard audio recordings and received written transcripts to aid you in listening to these recordings. The transcripts themselves are not evidence. Therefore, you may only consider what you heard and understood the contents of the recording to be. If you perceived a difference between the recording and the transcript, you must rely only on what you heard because the transcripts are not evidence.

- Anything I have said or done during these proceedings is not evidence, or any indication, as to the Defendant's innocence or guilt.

## H.     DIRECT AND CIRCUMSTANTIAL EVIDENCE

As I mentioned in my opening instructions, there are, generally speaking, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There law makes no distinction between the weight to be given to these two types of evidence, and it is for you to give weight to any such evidence as your see appropriate. You must base your verdict on a reasonable assessment of all of the evidence in the case.

**Direct evidence** is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

**Circumstantial evidence**, on the other hand, is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence is as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry. However, after several hours in the courtroom where there are no windows, you observe a person

come in wearing a wet raincoat and another person shaking a wet umbrella. Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors.

That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

You are permitted to draw, from the facts that you find to have been proved, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Perhaps the Government asks you to draw one, and the Defendant ask you to draw another. It is for you, and you alone, to decide what inferences you will draw. Whether based on direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the Defendant beyond a reasonable doubt before you may convict.

No significance should be attached to the fact that a document, other exhibit, or witness testimony was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

## I.  WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all of the evidence that has been offered and must decide which testimony to believe and which testimony not to believe. You

are the sole judges of credibility of the witnesses and the weight their testimony deserves. There is no one single way to determine credibility. In your daily lives, you make such decisions regularly. The same standards, as well as your common sense, should guide you here.

Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all, or part, of any witness's testimony. In deciding whether and to what extent to believe a witness's testimony, you may consider any number of factors, including the following:

- The witness's opportunity to see, hear, and know about the events he or she described;

- The witness's ability to recall and describe those things accurately;

- The witness's way of testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;

- How the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- The reasonableness of the witness's testimony in light of all of the other evidence in the case;

- Whether the witness had any possible bias, any relationship to a party, any motive to be untruthful, or any possible interest in the outcome of the trial; and

- Whether the witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of an inconsistency, you should consider whether it relates to an important fact or an unimportant detail, and whether, in your view, the inconsistency results from an innocent error or an intentional falsehood. If you find that any statement made by a witness on the stand is false, in whole or in

part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

In evaluating the credibility of the witnesses, you should take into account evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive on the part of the witness to testify falsely, and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and evaluate it with great care. This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. There are many people, who, no matter what their interest in the outcome of a case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected or colored his or her testimony.

### J.  TESTIMONY OF THE DEFENDANT

#### 1.  RIGHT NOT TO TESTIFY

The Defendant did not testify in this case. Under the Constitution, the Defendant has no obligation to testify or to present any other evidence because it is the Government's burden to prove his guilt beyond a reasonable doubt. You may not attach any significance to the fact that the Defendant did not testify. Nor may you draw any adverse inference against the Defendant because he did not take the witness stand. In your deliberations in the jury room, you may not consider this decision against the Defendant in any way.

### K.  TESTIMONY OF LAW ENFORCEMENT OFFICERS

During the trial, you heard testimony from law enforcement officers. The fact that a witness is or was employed as a law enforcement official does not mean that his or her testimony

11

is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness, and what weight, if any, it deserves.

### L.     STIPULATIONS OF FACT

A stipulation is an agreement among the parties that a certain fact is true. The attorneys for the Government and the attorneys for the Defendant have entered into a number of stipulations concerning facts that are relevant to this case. As you may recall, those were read into the record during the trial. When the attorneys on both sides stipulate and agree as to the existence of a fact, you must accept the stipulation as evidence, and regard that fact as proved.

### M.     INTERVIEWED WITNESSES

During the course of trial, you heard testimony that the attorneys interviewed witnesses when preparing for the trial. You must not draw any unfavorable inference from that fact. On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and in the discharge of that responsibility properly interview witnesses in preparation for the trial.

### N.     SUMMARY EVIDENCE

Some exhibits were admitted into evidence in the form of charts and summaries. Those charts and summaries were admitted in order to save the time of reviewing voluminous records and to avoid inconvenience. You should consider these charts and summaries the same way you would any other evidence.

However, the charts and summaries used in closing arguments are not in evidence unless specifically admitted into evidence. These charts and summaries were shown to you in order to make the evidence more meaningful and to aid you in considering the evidence. They are no better than the documents upon which they are based, and are not themselves independent evidence.

Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and summaries if you find they are of assistance to you in analyzing the underlying evidence.

### O. UNDERCOVER AGENTS

You have heard testimony from an undercover agent who was employed by the Drug Enforcement Administration. Sometimes the Government uses undercover agents who may conceal their true identities in order to investigate suspected violations of the law. There is nothing improper or illegal about the Government using these techniques, so long as the Defendant's rights are not violated, and the Defendant has not claimed that his rights were violated in this case. Indeed, certain types of evidence would be extremely difficult to detect without the use of undercover agents and informants. Whether or not you approve of the use of an undercover agent to detect unlawful activities is not to enter into your deliberations in any way.

### P. PARTICULAR INVESTIGATIVE TECHNIQUES

You are instructed that there is no legal requirement that the Government use any specific investigative techniques or pursue every investigative lead to prove its case. As I have said before, your concern is to determine whether or not, based on the evidence admitted at trial, or the lack of evidence, the Defendant's guilt has been proven beyond a reasonable doubt.

### Q. EXPERT WITNESSES

You have heard the testimony of expert witnesses in this case. Ordinarily, witnesses are restricted to testifying concerning matters of fact. There are occasions, however, when there is some technical or other specialized area of knowledge that will assist the jury in deciding a disputed fact. On those occasions, a witness who is specially qualified by training, knowledge,

experience, or education may be called to testify about some evidence or facts in issue in the form of an opinion. Your role in judging credibility applies to experts as well as to other witnesses. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion and all other evidence in the case. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education, experience, or sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, then you may disregard the opinion of the expert. Furthermore, if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part. On the other hand, if you find the opinion of an expert is based on sufficient data, education, training and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing great reliance on the expert's testimony.

### R.     EVIDENCE PURSUANT TO LAWFUL PROCEDURE

You have heard testimony that interactions between law enforcement agents and the Defendant were audio recorded. In addition, you have seen evidence obtained pursuant to a search of a cellular telephone and laptop computer. You have also seen evidence obtained pursuant to hidden recording devices. This evidence was obtained lawfully. The use of these procedures to gather evidence is perfectly lawful and the Government has the right to use such evidence in this case. The wisdom of the law and law enforcement policies and procedures are not your

concern. Your job is only to decide whether the Government has proved that the Defendant committed the crime charged in the Indictment.

## S.     LIMITING INSTRUCTION

You have seen and heard evidence that relates to activities and transactions that the Defendant conducted with individuals other than the undercover law enforcement agent, including text message communications between the Defendant and other individuals, testimony about surveillance conducted of the Defendant's interactions with other individuals, and the Defendant's statements about his transactions with other individuals. You are to consider such evidence only with respect to Count Two, which charges the Defendant with the crime of operating an unlicensed money transmitting business. However, to the extent that any of the Defendant's communications with other individuals relate to a concern of being detected by law enforcement you may properly consider such communications with respect to both Count One, charging the Defendant with money laundering, as well as Count Two.

## II.    INSTRUCTIONS RELATING TO THE ALLEGED CRIMES

I will now turn to the second part of my instructions and instruct you as to the legal elements of the criminal counts the Government has alleged.

### A.     VENUE

Venue refers to the location of the charged crimes. As to each of the charged crimes, you must consider whether any act in furtherance of the crime occurred within the Eastern District of New York. The Eastern District of New York encompasses Brooklyn, Queens, and Staten Island in New York City, and Nassau and Suffolk Counties on Long Island. To establish that venue for a charged crime is appropriate in the Eastern District of New York, the Government must prove that some act in furtherance of the crime occurred in this District. The Government need not prove

that the crime was committed in this District or that the Defendant himself was present in this District.

I note that on this issue—and only on this issue—the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. A "preponderance of the evidence" means simply to prove that the fact is more likely true than not true. The Government must prove that it is more likely than not that some act in furtherance of the charge you are considering occurred in the Eastern District of New York. If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the Government. Let me stress, the preponderance of the evidence standard applies only to the question of venue. As I have instructed you, the Government alone must prove all other elements of the crimes charged beyond a reasonable doubt.

## B.    DATES APPROXIMATE

The Indictment charges "in or about" and "on or about" and "between" certain dates. The proof need not establish with certainty the exact date of an alleged offense. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

## C.    KNOWLEDGE AND INTENT

Because each count in the Indictment implicates the concepts of knowledge and intent, I will instruct you at the outset about these principles.

As a general rule, the law holds persons accountable only for conduct they intentionally engage in. Thus, before you can find a Defendant guilty, you must be satisfied that the Defendant was acting knowingly and intentionally.

### 1. Knowingly

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by his words and conduct and by all of the facts and circumstances surrounding the case.

### 2. Intentionally

A person acts "intentionally" when he acts deliberately and purposefully. That is, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or an accident.

These issues of knowledge and intent require you to make a determination about the Defendant's state of mind, something that rarely can be proven directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the state of mind of the Defendant. Indeed, in your everyday affairs you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

### D. THE CHARGES IN THE INDICTMENT

The Defendant Mustafa Goklu is formally charged in an Indictment. As I instructed you at the beginning of this case, an Indictment is a charge or accusation. You will not be provided a copy of the Indictment during your deliberations because the Indictment is merely a statement of the charges and is not itself evidence.

The Indictment in this case contains two separate counts against the Defendant. You must, as a matter of law, consider each count of the Indictment separately, and you must return a separate verdict for each count. Count One of the Indictment charges the Defendant with Money Laundering. The Second Count in the Indictment charges the Defendant with operating an unlicensed money transmitting business.

Whether you find Mr. Goklu guilty or not guilty as to one should not affect your verdict as to the other charged.

*     *     *

I will now explain to you the law that applies to each count of the Indictment

### E.   COUNT ONE: MONEY LAUNDERING

Count One of the Indictment charges the Defendant with money laundering. Specifically, it reads as follows:

> On or about and between August 28, 2018 and April 30, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the Defendant MUSTAFA GOKLU, also known as "Mustangy," together with others, did knowingly and intentionally conduct and attempt to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions involved property represented by a law enforcement officer and by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, and to be property used to conduct and facilitate such specified unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of such specified unlawful activity.

Count One charges the Defendant with violating Title 18, United States Code, Section 1956(a)(3)(B), provides, in relevant part:

> Whoever, with the intent . . . to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity. . . conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be [guilty of a crime]. For purposes of this paragraph . . . [the] term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with the approval of, a Federal official authorized to investigate or prosecute violations of this section.

To prove the crime of money laundering, the Government must establish beyond a reasonable doubt each of the following three elements:

First, that the Defendant conducted or attempted to conduct a financial transaction that affected interstate or foreign commerce in any way or degree;

Second, that the transaction involved property represented by a law enforcement officer, and believed by the Defendant, to be the proceeds of specified unlawful activity; and

Third, that the Defendant acted with the intent to conceal or disguise the nature, location, source, ownership, or control of the property.

**First Element – Financial Transaction**

The first element the Government must prove beyond a reasonable doubt is that the Defendant conducted or attempted to conduct a financial transaction that affected interstate or foreign commerce in any way or degree.

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction which itself affects interstate or foreign commerce in any way or degree, and which involves (a) a movement of funds by wire transfer or other similar means, (b) a monetary instrument such as cash, check, money order, or any other negotiable instrument, or (c) a transfer of title to any real property, vehicle, vessel, or aircraft.

I want to define "interstate or foreign commerce" for you now. The term "interstate or foreign commerce" means commerce between any combination of states, territories, or possessions

of the United States, or between the United States and a foreign country. You must find that the transaction affected interstate commerce in some way, however minimal.

### Second Element – Involving Property Represented as Proceeds of Specified Unlawful Activity

The second element that the Government must prove beyond a reasonable doubt is that the transaction the Defendant conducted, or attempted to conduct, involved property represented by a law enforcement officer, and believed by the Defendant, to be the proceeds of specified unlawful activity.

For the purposes of this section, a law enforcement officer includes federal law enforcement officers and any other person acting under the direction or with the approval of a federal official authorized to investigate or prosecute money laundering. I instruct you that for purposes of this case the individual known as "Patrick O'Kain," who testified during this trial, was a law enforcement officer during the time period charged in the Indictment.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. Proceeds can be any kind of property, not just money.

In order to sustain its burden of proof on this element, the Government is not required to prove that the law enforcement officer made an express affirmative statement to the Defendant that the property involved was the proceeds of unlawful activity, in this case, narcotics trafficking. Instead, the Government must prove that the law enforcement officer made the Defendant aware of circumstances from which a reasonable person would infer that the property was the proceeds of illegal activity, and that the Defendant believed that the property was the proceeds of illegal activity. You should consider all of the evidence in determining whether the Government has satisfied this standard.

The term "specified unlawful activity" is simply a list of crimes set forth in the money laundering statute. In this case, the Indictment charges the "specified unlawful activity" of narcotics trafficking. I instruct you that narcotics trafficking means the manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical under the Controlled Substance Act. I also instruct you that marijuana, oxycodone, and Adderall are controlled substances under the Controlled Substances Act. I further instruct you that narcotics trafficking is a "specified unlawful activity" for the purposes of the crime charged.

The Government is not required to prove that the property actually was the proceeds of some form of specified unlawful activity, in this case, narcotics trafficking. The Government is not required to prove that any narcotics trafficking actually took place, or that the property in the charged transactions actually constituted proceeds of narcotics trafficking. To sustain its burden of proof on this element, the Government is required to prove that the charged transactions involved property that was represented to the Defendant to be the proceeds of narcotics trafficking, and that the Defendant believed that the property was the proceeds of narcotics trafficking.

In determining whether the Defendant believed that the property was the proceeds of narcotics trafficking, you may consider whether the Defendant deliberately closed his eyes to what would otherwise have been obvious to him. If you find beyond a reasonable doubt that the Defendant was aware of a high probability that the charged transactions involved the proceeds of narcotics trafficking, and that the Defendant acted with deliberate disregard of the facts, you may find that the Defendant acted with the belief necessary to satisfy this element. However, if you find that the Government has failed to prove beyond a reasonable doubt that the Defendant was aware of a high probability that the charged transactions involved the proceeds of narcotics trafficking, he may not be convicted.

**Third Element - Intent to Conceal or Disguise**

The third element the Government must prove beyond a reasonable doubt is that the Defendant acted with the intent to conceal or disguise the nature, location, source, ownership, or control of the property. Here, Bitcoin is the alleged property.

To satisfy this element, the Government must prove that the Defendant knew of the purpose of the particular transaction in issue, and that he intended that the transaction conceal or disguise the nature, location, source, ownership, or control of the property in question. I previously instructed you about the definitions of knowingly and intentionally, and the same definitions apply here.

## F.    COUNT TWO: OPERATION OF AN UNLICENSED MONEY TRANSMITTING BUSINESS

Count Two charges the Defendant with the crime of operating an unlicensed money transmitting business.

Specifically, it reads as follows:

> On or about and between August 28, 2018 and April 30, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the Defendant MUSTAFA GOKLU, also known as "Mustangy," together with others, did knowingly conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit: a digital currency exchange business, which (a) operated without an appropriate money transmitting license in the State of New York, where such operation is punishable as a misdemeanor and a felony under New York State law; and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder.

Count Two charges the Defendant with violating Title 18, United States Code, Section 1960(a), which provides, in relevant part:

> Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be [guilty of a crime].

In order for you to find the Defendant guilty of the crime charged in Count Two, the Government must prove beyond a reasonable doubt each of the following three elements:

First, that the Defendant knowingly controlled, conducted, managed, supervised, directed, or owned all or part of a money transmitting business;

Second, that either the money transmitting business was not licensed, and operated in a state where the business was required to be licensed, or the business failed to register as required with the Secretary of the Treasury; and

Third, that the money transmitting business affected interstate or foreign Commerce.

I will now instruct you in more detail on each of these three elements.

## First Element - Money Transmitting Business

The first element the Government must establish beyond a reasonable doubt is that Defendant knowingly controlled, conducted, managed, supervised, directed, or owned all or part of a "money transmitting business." The Government is not required to prove that the Defendant did all the things in that list, but only that he did any one of them. In order for you to evaluate this element, let me define the following terms for you. A "business" is a commercial enterprise that is regularly carried on for profit. Thus, a single isolated transmitting of money is not a business under this definition. A "money transmitting business" is a business which, for a fee, accepts currency, funds, or value that substitutes for currency for transfer within or outside the United States. I instruct you that Bitcoin qualifies as "funds" under the statute. The term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier. Exchanging Bitcoin for U.S. currency can qualify as a "transfer" within the

meaning of the statute. The terms "conducted," "controlled," "managed," "supervised," "directed," or "owned" have their ordinary meanings.

A single isolated transmission of money is not a business under this definition. It is for you to determine whether the quantity and nature of the transmittals convert the transactions into a business.

To prove that the Defendant conducted, controlled, managed, supervised, directed, or owned the money transmitting business, the Government must establish that the Defendant was involved in the management of the business and was not merely an employee of that business.

To satisfy this element, the Government must prove that the Defendant knowingly controlled, conducted, managed, supervised, directed, or owned the money transmitting business. The Government must establish that Defendant was involved in the management of the business and was not merely an employee of that business. I previously instructed you as to the definition of knowingly, and the same definition applies here.

### Second Element – Unlicensed Money Transmitting Business

The second element the Government must prove beyond a reasonable doubt is that the money transmitting business the Defendant conducted was unlicensed. An unlicensed money transmitting business is a money transmitting business which is either: (1) operating in a state without a required license where operation without a license was punishable as a misdemeanor or felony under state law, or (2) not registered as required with the United States Secretary of the Treasury. To satisfy this element, the Government needs to prove beyond a reasonable doubt only that the money transmitting business was unlicensed in one of these respects. However, in order to convict on this count, you must be unanimous that the Government proved beyond a reasonable doubt that at least one or the other of these two conditions was satisfied.

I will now explain these two licensing requirements. Let me start with the state licensing requirement. The Government can satisfy this element by showing that the Defendant operated his business without a required license in a State where such operation was punishable as a misdemeanor or felony under State law. I instruct you that the term "State" includes any State of the United States. Therefore, New York is a "State." The only State at issue in this trial is New York. I instruct you that the laws of the State of New York require that any person who engages in the business of receiving money for transmission or of transmitting money to be licensed as a money transmitter by the New York State Department of Financial Services. I also instruct you that New York law also makes engaging in such a business without a license punishable as a felony or a misdemeanor, depending on factors that are not relevant here.

Let me now turn to the licensing requirement under the laws of the United States with the Secretary of the Treasury. Federal law requires certain money transmitting businesses to register with the Secretary of the Treasury within 180 days after the business was established. Specifically, this registration requirement applies to any money transmitting business, foreign or domestic, that engages in money transmitting functions in the United States.

It is for you to determine whether the money transmitting business in this case was licensed as required by law.

To prove this element, the Government must prove that Defendant knew that the business was unlicensed. The Government does not have to prove that the Defendant knew that New York law or federal law required the business to be licensed. The Government does not need to show that Defendant knew that it is a crime under New York law to operate a money transmitting business without a license. I previously instructed you as to the definition of knowingly, and the same definition applies here.

## Third Element – Interstate Commerce

The third element the Government must prove beyond a reasonable doubt is that the money transmitting business affected interstate or foreign commerce. Interstate or foreign commerce simply means the movement of goods, services, money, or individuals between states or between the United States and a foreign state or nation. The Government must prove that the money transmitting business affected interstate or foreign commerce in any manner, no matter how minimal. It is not necessary for the Government to prove that the acts of the Defendant himself affected interstate or foreign commerce so long as the acts of the money transmitting business had such effect. In addition, it is not necessary for the Government to show that the Defendant actually intended or anticipated that his actions would have an effect on interstate or foreign commerce. Finally, the Government is not required to prove that the Defendant knew he was affecting interstate or foreign commerce.

\*   \*   \*

## III. CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements that must be proved beyond a reasonable doubt. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations. Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you, and your verdict must be based solely on this evidence and law, not on anything else.

## A.    FOREPERSON

For your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson. However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so. The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

## B.    COMMUNICATION WITH THE COURT

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson. No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

## C.    RIGHT TO SEE EXHIBITS AND READ TESTIMONY

Your recollection governs. Nobody else's. If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's or witnesses' testimony, or portions thereof, be sent back to you in the jury room. If during your deliberations you want to see any of the exhibits that are not already available to you in the jury room, you may

request that as well. You may make all these requests by a note to the Deputy Marshal. I suggest, however, that you be specific to avoid receiving testimony or exhibit that you do not want or need. Describe as best and precisely as you can what you want to hear and please be patient because it sometimes takes a while to find the testimony or exhibit in the record.

### D.     DELIBERATIONS AND UNANIMOUS VERDICT

Your duty is to reach a fair conclusion from the law as I have given it to you and the evidence that has been presented in this case. This duty is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict. The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In no communication with the Court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the Government's charges against the Defendant are no passing matter. The parties and the Court rely upon you to give full and conscientious

deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors—to well and truly try the issues of this case and render a true verdict.