UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NOTICE OF MOTION |
| -against- | : | IND. NO. 19-CR-386 (PKC) |
| MUSTAFA GOKLU, | : | |
| Defendant. | : | |

----------------------------------------------------------------x

PLEASE TAKE NOTICE, that upon the annexed affirmation of MURRAY E. SINGER, ESQ., and the prior proceedings herein, the undersigned will move this Court for a Judgment of Acquittal pursuant to F.R.C.P. Rule 29 as to count two, charging Operation of an Unlicensed Money Transmitting Business under 18 U.S.C. §1960(a), on the ground that the evidence presented at trial was not legally sufficient to support this charge, and for such other and further relief as the Court may deem just and proper.

Dated: Port Washington, New York
November 10, 2022

                                            Respectfully yours,

                                            MURRAY E. SINGER
                                            Attorney for Defendant
                                            14 Vanderventer Ave.
                                            Suite 147
                                            Port Washington, NY 11050
                                            O - (516) 869-4207
                                            C - (516) 662-4950
                                            msingerlaw@gmail.com

                                            EMILEE SAHLI
                                            Attorney for Defendant
                                            195 Broadway, 4th Floor
                                            Brooklyn, NY 11211
                                            O - 347-378-8132

TO: AUSA Gillian Kassner by ECF           Emilee@sahlilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | AFFIRMATION |
| -against- | : | IND. NO. 19-CR-386 (PKC) |
| MUSTAFA GOKLU, | : | |
| Defendant. | : | |

------------------------------------------------------------x

MURRAY E. SINGER, an attorney duly admitted to practice law in the Eastern District of New York, affirms under penalty of perjury as follows:

1. I, along with Emilee Sahli, am the attorney of record for the defendant, Mustafa Goklu. As such I am fully familiar with the facts of this case.

2. This Affirmation is made in support of defendant's Motion for a Judgment of Acquittal pursuant to F.R.C.P. Rule 29 as to count two, charging Operation of an Unlicensed Money Transmitting Business under 18 U.S.C. §1960(a), on the ground that the evidence presented at trial was not legally sufficient to support this count.

3. Defendant was tried before this Court in October, 2022 under indictment number 19-CR-386. The indictment charged two counts, Money Laundering under 18 U.S.C. §1956 and Operation of an Unlicensed Money Transmitting Business under 18 U.S.C. §1960. Defendant was convicted after trial of both counts.

4. By this motion, defendant contends that the evidence failed to establish that his conduct constituted a money transmitting business as opposed to either a currency exchange business or some other form of money service business.

1

5. The evidence at trial established that defendant met seven times with an undercover officer. At six of those meetings, defendant gave U.S. currency to the undercover officer in exchange for bitcoin. Defendant charged a fee of either 7% or 8% to conduct the exchanges. At the seventh meeting, a similar exchange was discussed and put in motion, but defendant was arrested before the exchange could be completed.

6. The issue presented to the Court in this motion is whether defendant's conduct constitutes a money transmitting business. We contend that it does not.

7. New York Banking Law §641 states that "[n]o person shall . . . engage in the business of receiving money for transmission or transmitting the same, without a license." The Financial Crimes Enforcement Network (FINCEN), a division of the United States Treasury Department, includes a money transmitting business in a list of Money Services Businesses that also includes a "currency dealer or exchanger." See https://www.fincen.gov/money-services-business-definition. A business that exchanges money or currency is not the same thing as a business that transmits money or currency.

8. United States v. Velastegui, 199 F.3d 590 (2d Cir. 1999) concerned an agent of a money transmitting business who collected money from customers and sent them directly to people in a foreign country without going through the licensed business. The Court began its discussion by defining a money transmitting business. "A money transmitting business receives money from a customer and then, for a fee paid by the customer, transmits that money to a recipient in a place that the customer designates, usually a foreign country." Id. at 592. The Second Circuit addressed the issue again in United States v. Banki, 685 F.3d 99 (2d Cir. 2012). Banki involved transactions that passed through an informal system known as "hawala". The Second Circuit again defined a money

transmitting business and quoted the above definition from Velastequi. Id. at 114.

9. The Fourth and Ninth Circuits have adopted the same definition. In United States v. Talebnejad, 460 F.3d 563, 565 (4th Cir. 2006), the Fourth Circuit, citing Velastegui, stated that "[a] money transmitting business is one that, for a fee, accepts currency for transfer within or outside the United States through foreign currency exchanges and financial institutions." In United States v. Singh, 995 F.3d 1069, 1077 (9th Cir. 2021), the Ninth Circuit, also citing Velastegui, stated that "[a] money transmitting business receives money from a customer and then, for a fee paid by the customer, transmits that money to a recipient in a place that the customer designates[.]" See United States v. Mazza-Alaluf, 607 F.Supp.2d 484, 489-490 (S.D.N.Y. 2009)("The Second Circuit has noted that under section 1960, '[a] money transmitting business receives money from a customer and then, for a fee paid by the customer, transmits that money to a recipient in a place that the customer designates, usually a foreign country.' United States v. Velastegui, 199 F.3d 590, 592 (2d Cir.1999)"; United States v Murgio, 209 F.Supp.3d 698, 711 (S.D.N.Y. 2016)(on motion to dismiss before Judge Nathan, "both parties acknowledge[d]" that transmission of bitcoins "to another location or person for its customers" would establish a business as a money transmitting business, and the government argued that defendant's company "did more than just sell bitcoins 'to customers in two-party transactions.'").

10. Viewing the evidence in the light most favorable to the government, the evidence established that Mr. Goklu operated a currency exchange business, not a money transmitting business. To be a money transmitting business, Mr. Goklu had to accept currency (here, bitcoin) for *transfer*. Mr. Goklu's receipt of bitcoin cannot both be *for transfer* and constitute the transfer itself. To merge the two, we submit, would be contrary both to the law as discussed above, and to a natural

understanding of the language.

11. Defendant now seeks a Judgment of Acquittal as to count two pursuant to Rule 29 of the Federal Rules of Criminal Procedure for the reasons set forth above.

Dated: Port Washington, New York
November 10, 2022

                                                      /s/
                                        MURRAY E. SINGER