UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA

    - against -

MUSTAFA GOKLU, a/k/a MUSTANGY,

    Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CR-386 (PKC)

PAMELA K. CHEN, United States District Judge:

On October 28, 2020, Defendant Mustafa Goklu, a/k/a Mustangy, was indicted in a two-count Superseding (S-1) Indictment ("Indictment") on charges of money laundering and operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1956(a)(3)(B) and § 1960(a), respectively. (Dkt. 28.) He was convicted of both counts following a jury trial, and now moves under the Federal Rule of Criminal Procedure 29 for acquittal on the charge of operating an unlicensed money transmitting business in Count Two of the Indictment. (*See* Dkt. 77.) In reality, however, Defendant's motion does not challenge the sufficiency of evidence introduced at trial, but instead challenges the Court's instructions to the jury on the elements of the Section 1960(a) violation that he was convicted of in Count Two. The Court accordingly denies Defendant's motion as procedurally improper.

## BACKGROUND

**I.    Procedural History**

On October 28, 2020, Defendant was charged with money laundering in violation of 18 U.S.C. § 1956(a)(3)(B) (Count One), and the operation of an unlicensed money transmitting business in violation of 18 U.S.C. § 1960(a) (Count Two), to both of which he pleaded not guilty. (Dkt. 28; 11/12/2020 Docket Entry.) In sum and substance, the Indictment alleged that between 2018 and 2019, Defendant engaged in a series of transactions converting cryptocurrencies,

1

including Bitcoin that an undercover agent represented to Defendant were narcotics-trafficking proceeds, into United States dollars. (*See generally* Dkts. 1, 28.)

Trial took place between October 3 and 11, 2022. (Dkts. 78–81.) As to Count Two of the Indictment, the Court instructed the jury, in relevant part, that: "'[a] money transmitting business' is a business which, for a fee, accepts currency, funds, or value that substitutes for currency for transfer within or outside the United States." (Dkt. 71, at 23; *see also* Def.'s Proposed Jury Instr., Dkt. 58, at 5 ("A 'money transmitting business' is a business that, for a fee, accepts currency for transfer within or outside the United States.").)[1] Notably, neither in the parties' proposed requests to charge nor at the charge conference was there any discussion about the meaning of the term "transfer[]" in 18 U.S.C. § 1960(b)(2).[2]

During summations, however, defense counsel Murray E. Singer made the following argument to the jury regarding Count Two:

> **Mr. Singer**: On the money transferring business, *this is a matter of the language* and I'm going to encourage you folks to listen carefully to the Judge as she gives the language of this charge and you're going to have the written charge with you in the jury room and you can look at the language as well. ["]A money transmitting business is a business which for a fee accepts currency for transfer.["] That's the language that you're being given. And I submit to you under that definition that the [J]udge is giving to you and it's included in the instruction that Mr. Goklu is not operating a money transmitting business, that he is not -- that the evidence does not prove beyond a reasonable doubt that *he is accepting currency for transfer*. . .

---

[1] This instruction was based on the parties' proposed requests to charge (Dkts. 56, 58) and following the charge conference held on October 6, 2022, at which the parties were permitted to make objections or proposals regarding the jury instructions, and to present arguments about the same. (*See* Dkt. 80, at 494–532.)

[2] The statute reads: "[T]he term 'money transmitting' includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier[.]"

.[3] So folks I encourage you with regard to the second count, read that legal language, read it.

(Dkt. 81, at 572:11–23, 575:5–6 (emphases added).) The Court excused the jury before the Government's rebuttal argument to address an issue with the defense:

> **The Court**: The reason I wanted to take a break before the rebuttal is I'm a little concerned, Mr. Singer, about the argument you made about the money transmitting charge. You specifically told the jurors to pay attention to the jury charge regarding the meaning of transfer. Now my concern is that you are suggesting some legal argument that quite honestly should have been raised, I think, during a motion to dismiss long before the trial, or during the jury charge conference because you are suggesting to the jury that what the Government alleges was illegal money transmitting, which is the exchange of Bitcoin for cash[,] doesn't qualify as transferring funds or transmitting. And I have not heard that argument from you before, nor did we address it in the charges that I'm going to give.[4]

(*Id.* at 576:23–577:11.)

In response to defense counsel's claim that he had not been making a legal argument to the jury about the meaning of transfer and that he had not "highlight[ed] the word transfer" (*id*. at 582), the Court engaged in the following exchange with defense counsel:

> **The Court**: [reading from the defense summation] ["]Accepting currency for transfer.["] That's what I heard that made me think it's got to be literally . . . transferred to someone else. In other words, the Government's theory is he accepted Bitcoin which is currency for transfer to someone, like Western Union which you did refer to, as I recall. That is a misleading statement about the law and so the Government ought to be able to say to the jury, to the extent that you are thinking . . . that Mr. Goklu then had to take the Bitcoin and give it to someone else or that the customer had to take the cash and give it to someone else, that is not what's required under the statute. That's what I'm addressing.

---

[3] Though less apparent from the written transcript, it was clear to the Court from defense counsel's oral presentation that he was attempting to focus the jury on the "transfer" element of the offense—a suspicion borne out by the colloquy that followed, *see infra*.

[4] Though defense counsel maintained that he had "expressed" the view to the Court that exchanging cash for Bitcoin did not constitute a money transmitting business "at the beginning of the case," it is undisputed that Defendant never moved to dismiss the Section 1960 charge on that or any other basis and that the "transfer" issue was not raised in connection with the jury instructions to be given at trial.

3

>
> **Mr. Singer**: I think you're reading too much into that. You're making inferences and assumptions about it and I think it's for the jury to decide that.
>
> **The Court**: Mr. Singer, what exactly were you arguing to the jury then? Be candid. What were you suggesting? ["]Listen to whether he accepted currency for transfer.["] What did you want them to think?
>
> **Mr. Singer**: That's not what Mr. Goklu did.
>
> **The Court**: Right. Why not?
>
> **Mr. Singer**: *Because he didn't transfer the money.* . . . [T]he Second Circuit as far back as 1999 has said that a money transmitting business receives money from a customer and then for a fee paid by the customer transmits that money to a recipient.
>
> **The Court**: . . . [T]hat may be a legitimate argument to have made before we started this trial and before I produced these jury charges. . . . [The] time to make [this argument] and to then sandbag the jury and me, quite frankly, in terms of the charges I was prepared to give, is not in the middle of your closing. . . .

(Dkt. 81, at 584:13–585:24 (emphasis added).) Overruling Defendant's objection, the Court declined to allow the defense theory—that a Section 1960 charge requires a transfer to someone other than the payor of "the currency"—to proceed to the jury. The Court then supplemented the jury instructions to include: "Exchanging Bitcoin for U.S. currency can qualify as a 'transfer' within the meaning of the statute." (Dkt. 71, at 23–24.) On October 11, 2022, the jury returned guilty verdicts as to both counts of the Indictment. (Dkt. 72.)

## II. Defendant's Rule 29 Motion

On November 10, 2022, Defendant filed the present motion pursuant to Federal Rule of Criminal Procedure 29. (*See* Dkt. 77.) Defendant's motion centers on his view that the case law requires that a Section 1960 "transfer" be to someone other than the person who paid the currency to the defendant. Defendant argues that "the evidence failed to establish that his conduct constituted a money transmitting business" because it did not show that Defendant transferred the Bitcoin he received from the undercover agent and other customers to other parties. (*See id.* ¶¶ 4, 6, 9–10 ("To be a money transmitting business, Mr. Goklu had to accept currency (here, bitcoin)

4

for *transfer*." (emphasis in original)[5].) Rather, Defendant contends, "viewing the evidence in the light most favorable to the government, the evidence established that Mr. Goklu operated a currency exchange business, not a money transmitting business." (*Id.* ¶ 10.)

In its response, the Government contests Defendant's interpretation of the relevant statute and the case law. (Dkt. 82.) The Government argues that "Section 1960 broadly defines the term 'money transmitting' to include 'transferring funds on behalf of the public by any and all means'[,]" thus noting, in effect, that the statute does not specify that the transfer of funds must be to a person other than the person who provided the funds to the alleged money transmitter. (Dkt. 82, at 9.) The Government also points out that 31 U.S.C. § 5330, which is expressly referenced in Section 1960, defines "money transmitting business" broadly to include businesses that provide, *inter alia*, currency exchange services. (*Id.* at 10 (citing 31 U.S.C. § 5330(d)(1) ("The term 'money transmitting business' means any business . . . which [] provides . . . currency exchange[.]").

In his brief in Reply, Defendant focuses entirely on the meaning of the word "transfer" in Section 1960. (Dkt. 84.)

## STANDARD OF REVIEW

Rule 29(c) allows challenges to a guilty verdict where "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(c); *see also United States v. Taylor*, 464 F.2d 240, 243 (2d Cir. 1972) (Friendly, J.) ("[The question is] whether upon the evidence, giving full play to the

---

[5] The Court notes that Defendant goes on to argue here that "Mr. Goklu's receipt of bitcoin cannot both be *for transfer* and constitute the transfer itself." (Dkt. 77, ¶ 10 (emphasis in original).) This argument, however, mischaracterizes the Government's theory, which was that Defendant's payment of cash to the customers after receiving Bitcoin from them was the transfer, not that Defendant's mere receipt of Bitcoin from his customers was the transfer. (Dkt. 81, at 550 ("You'll hear that a money transmitting business is simply a business that transfers funds, including Bitcoin, by any means in exchange for a fee. That's exactly what the defendant's business did. He transferred Bitcoin through cellphone application and transferred cash by hand exchange for a fee.").)

5

right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt."); *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008) (district court's Rule 29 decision reviewed *de novo*). Thus, Rule 29(c) is not an open-ended opportunity to relitigate unfavorable rulings, contest jury instructions, or advance new legal theories. *See United States v. Levy*, No. 11-CR-62 (PAC), 2013 WL 3832718, at *3, *3 n.2 (S.D.N.Y. July 15, 2013) (denying Rule 29(c) motion where "argument [did] not address the sufficiency of the evidence[,]" but instead attempted to challenge the government's "novel" legal theory and "rehash certain jury instruction arguments as to why [defendant's] activities should not be considered illegal as a matter of law."); *United States v. Velentzas*, No. 91-CR-384 (DRH), 1993 U.S. Dist. LEXIS 5193, *3 (E.D.N.Y. April 19, 1993) (denying Rule 29 motion that "effectively [asked] for a reconsideration of certain evidentiary rulings made at trial," and noting that "such arguments [were] more appropriate for appeal, while the arguments to be made in connection with a Rule 29 motion [should] relate to the sufficiency of the evidence." (collecting authorities)); *see also United States v. Dawkins*, 999 F.3d 767, 780–81, 781 n.12 (2d Cir. 2021) (reviewing for plain error when "defendants moved for judgments of acquittal under Rule 29[], [but] did not challenge the sufficiency of the evidence" of the matters considered on appeal); *accord* 2A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 466 (4th ed. 2022) (noting that evidentiary insufficiency is the "only [] ground for a motion for a judgment of acquittal."). Specifically, "[a] Rule 29 motion . . . is not the proper vehicle for raising an objection to jury instructions." *United States v. Crowe*, 563 F.3d 969, 972 n.5 (9th Cir. 2009); *see also United States v. Moreland*, 622 F.3d 1147, 1166 (9th Cir. 2010) (same); *United States v. Huber*, 243 F. Supp. 2d 996, 1001 (D.N.D. 2003) ("[Defendant] argues

that the Court erred in denying three of his requested jury instructions . . . [but] this argument does not provide the proper basis for a Rule 29 motion."), *aff'd*, 404 F.3d 1047 (8th Cir. 2005).[6]

**DISCUSSION**

Defendant's motion falls outside the narrow confines of Rule 29. It is not a sufficiency-of-the evidence challenge; rather, it seeks to challenge the Court's interpretation of Section 1960(a) and the meaning of "transfer[]" in the statute. In his motion, Defendant discusses the evidence presented at trial only fleetingly, and his motion papers are entirely devoid of any detailed discussion of trial testimony and exhibits, or any citation to the record whatsoever. (*See generally* Dkts. 77, 84.) Instead, Defendant focuses almost entirely on a selective presentation of case law and regulations that purportedly support his theory about the meaning of "transfer[]" in Section 1960—which the Court expressly rejected after the defense summation. (*See* Dkt. 77, ¶¶ 7–10; Dkt. 84, ¶¶ 3–4; Dkt. 81, at 585–86.) In arguing that "the evidence failed to establish that [Defendant's] conduct constituted a money transmitting business as opposed to either a currency exchange business or some other form of money service business" (Dkt. 77, ¶ 4), Defendant never acknowledges the Court's explicit instruction to the jury that the exchange of Bitcoin for cash could constitute money transmitting, and omits any discussion of whether the trial evidence was

---

[6] Notably, Defendant did not bring a motion pursuant to Federal Rule of Criminal Procedure 33, seeking a new trial. *See United States v. Serrano*, 224 F. Supp. 3d 248, 255 (S.D.N.Y. 2016) (granting a Rule 33 motion and ordering a new trial based on erroneous jury instructions); *accord United States v. Bustamante*, 972 F.2d 349 (6th Cir. 1992) ("Matters that a district court may consider under Rule 33 include perceived errors or confusion resulting from the jury instructions." (collecting authorities)). However, for the reasons discussed *infra* fn. 7, the Court is doubtful that a Rule 33 motion would have fared any better than Defendant's present Rule 29 motion. *See United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) ("Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'") (citing *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)); *see also id*. at 133 (reviewing district court's Rule 33 decision for abuse of discretion).

sufficient to prove *that* conduct. Defendant instead argues that the evidence failed to show that his conduct constituted money transmitting as *he* believes—and argued belatedly and unsuccessfully—it should be defined, *i.e.*, as requiring a "transfer" of funds to someone other than the payor.

This is not a proper Rule 29 argument, but is an attempt to end run the procedural requirements of challenging the Court's interpretation of Section 1960(a) and its instructions to the jury on that crime. *See Levy*, 2013 WL 3832718 at *3 (denying Rule 29(c) motion that did not argue sufficiency of the evidence, but instead attempted to "rehash certain jury instruction arguments as to why [defendant's] activities should not be considered illegal as a matter of law."); *Velentzas*, 1993 U.S. Dist. LEXIS 5193 at *3 (denying Rule 29 motion and noting that arguments effectively seeking "reconsideration of certain evidentiary rulings made at trial" were "more appropriate for appeal, while the arguments to be made in connection with a Rule 29 motion [should] relate to the sufficiency of the evidence." (collecting authorities)); *United States v. Rabbani*, No. 08-CR-118 (RJA), 2009 WL 1272276, at *2 n.1 (W.D.N.Y. May 7, 2009) ("The defendant also argues in his [Rule 29] motion that this Court erred in failing to give [certain instruction to the jury, but the] Court finds it unnecessary to address that argument because it is not a proper basis for granting a Rule 29 motion." (citing authorities)).

The Court accordingly denies Defendant's motion as procedurally improper.[7]

---

[7] The Court notes that even had it considered Defendant's argument that money transmitting under Section 1960 requires a transfer to a "third party" who is not the payor of funds, it would have rejected it. First, the term "transfer" is not so restricted in Section 1960 and, in fact, it is undefined. In this Circuit, a statutory term is generally "interpreted as taking [its] ordinary, contemporary, common meaning." *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992) (citing *Perrin v. United States*, 444 U.S. 37, 42 (1979)). Transfer means "[a]ny mode of disposing of or parting with an asset or an interest in an asset, including a gift, the payment of money, release, lease, or creation of a lien or other encumbrance." *See Transfer*, Black's Law Dictionary (11th ed. 2019). Thus, nothing on the face of the statute suggests that a transfer of funds from a defendant

8

## CONCLUSION

For the reasons stated herein, Defendant's Rule 29 motion is denied in its entirety as procedurally improper.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 13, 2023
       Brooklyn, New York

---

back to his customer does not qualify as a "transfer" for Section 1960 purposes. Second, contrary to Defendant's argument, this Circuit's case law does not compel a different conclusion. Defendant relies on the following sentence from *United States v. Velastegui*: "[a] money transmitting business receives money from a customer and then, for a fee paid by the customer, transmits that money to a recipient in a place that the customer designates, usually a foreign country." (Dkt. 77, ¶ 8 (citing *United States v. Velastegui*, 199 F.3d 590, 592 (2d Cir. 1999); *see also* Dkt. 77, ¶ 8 (citing *United States v. Banki*, 685 F.3d 99, 114 (2d Cir. 2012) (citing *Velastegui*)).) There is no indication in *Velastegui* or any other decision, that this explanation, which appears in the "Background" section of *Velastegui*, was intended to define the universe of conduct that qualifies as money transmitting under Section 1960. Nor does this statement from *Velastegui* suggest that a "customer" cannot be the "recipient" of the funds, as occurs with currency exchange businesses, which qualify as money transmitting services under 31 U.S.C. § 5330, which is referenced in Section 1960(b)(1). Finally, Defendant's interpretation of the statute would create a regulatory lacuna: Section 5330 would require currency exchange businesses to be licensed, but Section 1960 would attach no penalty for their failure to do so because such businesses are not engaged in "transfers." Thus, for these reasons and those stated in the Government's Opposition (Dkt. 82), were the Court to consider Defendant's argument about the proper interpretation of Section 1960, it would have rejected that argument.